[L. A. No. 18507.   In Bank.   Mar. 1, 1943.]

ROBERT T. LINNEY, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Buel R. Wood for Petitioner.

Hallam Mathews and Jerold E. Weil for Respondent.

THE COURT.—Petitioner seeks a review of disciplinary proceedings in which the Board of Governors of The State Bar has recommended that he be suspended for a period of nine months.   This recommendation followed hearings before a local committee on an amended order which directed petitioner to show cause why he should not be disciplined on five charges.   In its brief The State Bar relies on count three alone as the basis for its suspension recommendation. We therefore shall confine our discussion to the evidence and findings addressed to that count.   It charged petitioner with giving false testimony and misleading the court in a hearing upon a petition filed by Howard S. Splane to have his mother, Minnie E. Splane, declared to be an incompetent person.

█  It appears that Minnie Splane, Jennie Price (her housekeeper) and Flora Schultz (her companion) in order to evade service of process, moved from place to place in California, Arizona and Nevada.   As a result of concealment of their whereabouts, none of these persons was available as a witness during the trial of the incompetency matter,

which ran from April 4 to June 4, 1940. Throughout the trial the absent Minnie Splane was represented of record by a firm of attorneys with whom petitioner was not associated. Petitioner, while not an attorney of record in that matter, had represented Mrs. Splane since 1939 and was present in the courtroom throughout the hearing. Petitioner testified in this disciplinary proceeding that "Mrs. Splane asked me if I would attend the sessions of the trial and offer suggestions and watch the proceedings throughout." He was also there under subpoena as a witness, and was called to testify on May 6, 1940. In answer to questions concerning Mrs. Price, the housekeeper, he testified as follows: "A. . . . I had been trying to get in touch with [Mrs. Price] for a couple of months or maybe longer. Q. You have not heard from her at all for a couple of months? A. No I have not. . . . "

In contradiction of this testimony, the evidence here shows that on or about March 10, 1940, petitioner had a conversation with Mrs. Price at a hotel near Bakersfield, California, where she had registered under an assumed name. Mrs. Price testified: "I think that [petitioner] said that day 'How would you like to go to Phoenix?' " Under date of April 25, 1940, petitioner wrote a letter addressed to Mrs. Price at Phoenix, Arizona, in which he acknowledged receipt of a letter from her on the 23rd and stated "The case has been progressing very slowly and they are hunting for . . . Schultz, Splane and you and as they have been unable to locate any of [you] they sure have been 'up against it.' I do not think they have produced any evidence that will help their side in the entire four weeks in the trial . . . as soon as somebody else and I can get away for a day we will come and see you." On April, 26, 1940, petitioner wrote Mrs. Price at Phoenix, addressing her under an assumed name, and on April 29, 1940, Mrs. Price wrote to petitioner from Phoenix. Two witnesses testified in this proceeding that during the pendency of the incompetency matter, petitioner in conversations with them stated that he was in contact with Mrs. Price. One of these witnesses testified that petitioner told him he was to see Mrs. Price "over the week end," while another testified that he told her he had delivered a letter to Mrs. Price "in person."

In explanation of the conflict between the evidence in this

record and his testimony in the incompetency matter, petitioner states that when testifying in that matter he thought the inquiry was there being made as to whether he had been in "physical contact" with Mrs. Price. There is, however, nothing in the record which would indicate that the petitioner was misled or had any reason to believe that "physical contact" was being referred to in the questions asked him. He admitted that he knew that Mrs. Splane and Mrs. Price were avoiding service of process by secreting themselves, and an examination of the record shows that the questions directed to petitioner were clearly designed to ascertain the whereabouts of Mrs. Price.

The evidence amply supports the finding that the testimony given by petitioner at the incompetency hearing "was knowingly given for the purpose of conveying the impression that he did not know where [Mrs. Price] could be reached, which testimony was false." The Board of Governors in making its recommendation no doubt considered the fact that petitioner is 73 years of age, has been a member of the bar for many years and that no prior disciplinary action had ever been taken against him.

It is ordered that petitioner be suspended from the practice of the law for a period of nine months, effective thirty days after the filing of this decision.

Petitioner's application for a rehearing was denied March 29, 1943.